UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| ABASS SEKOU TOURE,<br>    Petitioner,<br><br>  v.<br><br>WARDEN, *Philadelphia Federal Detention Center, Philadelphia, PA*; DAVID O'NEILL, *Acting Field Office Director, Philadelphia Field Office Immigration and Customs Enforcement*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; PAM BONDI, *Attorney General. U.S. Department of Justice*; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;<br>    Respondents. | :<br>:<br>:<br>: No. 2:26-cv-1416<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

---

**O R D E R**

  **AND NOW,** this 16th day of March, 2026, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Respondents' Response in Opposition, ECF No. 5;[2] and for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026), and *Mirdjalilov v.*

---

[1] Petitioner Abass Sekou Toure, a citizen of Mozambique, alleges that he entered the United States in 2023 at the "southern border." *See* Pet. ¶¶ 10, 17, 19, ECF No. 1. Thereafter, he was apprehended by Customs and Border Patrol ("CBP"), charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i) ("Aliens present without admission or parole") and 8 U.S.C. § 1182(a)(7)(A)(i)(I) ("Immigrants"), released on his own recognizance, issued a Notice to Appear, and placed in removal proceedings. *Id.* ¶¶ 18-20. He filed an application for asylum, which is pending. *Id.* ¶ 21. On or about March 3, 2026, Toure was arrested by Immigration and Customs Enforcement ("ICE") while attending a check-in at "ICE Philadelphia Field Office." *Id.* ¶ 23. He is being held without bond having been set. *See id.* ¶ 2. Toure filed the instant petition on March 5, 2026. He alleges that his detention violates: (I) the Immigration and Nationality Act ("INA") and (II) due process. *See id.* ¶¶ 29-42.

[2] On March 9, 2026, Respondents filed a Response, arguing that the Court should deny habeas relief because: (1) Toure is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (2) Toure's detention does not violate Constitutional due process requirements. *See* ECF No. 5.

*Fed. Det. Ctr. Phila., et al.*, No. 2:25-cv-07068, 2026 WL 184249 (E.D. Pa. Jan. 23, 2026), which are incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

        The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

        1.      Petitioner Abass Sekou Toure is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

        2.      **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

        3.      If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

        4.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3] These opinions addressed similar habeas claims and rejected the Government's arguments, which are substantially the same as those brought in the above-captioned action. These opinions are only two of dozens of cases decided in this District. In a manner consistent with other recent decisions in this District, this Court found that it has jurisdiction pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip jurisdiction, that exhaustion is not required, and that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections.

[4] Toure's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of Toure's claim based on due process. Because the petition seeks relief in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.